# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DALE SUTTON**                                                                                 **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:09-CV-189-SA-JAD**

**PARRETT TRUCKING, LLC, et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Remand [12]. For the reasons stated below, the Motion to Remand is denied.

### I. Factual and Procedural Background

On January 25, 2006, Plaintiff entered an Independent Contractor Operating Agreement (the contract) with Parrett Trucking, LLC. Under the contract, Plaintiff had sole financial responsibility for all workers' compensation insurance or occupational accident insurance. To fulfill this obligation, Plaintiff had the option of either maintaining insurance on his own or allowing Parrett to acquire it on his behalf and deduct the premiums from his compensation. Plaintiff chose to allow Parrett to acquire insurance on his behalf. Subsequently, Old Republic Life Insurance Company issued a Truckers Occupational Accident Coverage policy which named all independent contractors and contract drivers of Mav IC, LLC (formerly Parrett Trucking, LLC) as the insured parties.

On December 11, 2006, Plaintiff was injured while hauling freight for the trucking company defendants. Plaintiff filed his Complaint in the Circuit Court of Clay County, Mississippi, on June 19, 2009, requesting injunctive relief to invalidate a provision of the policy. Plaintiff also asserted state law claims of breach of contract in bad faith, and fraud/misrepresentation.

On July 30, 2009, Defendants removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff filed his motion to remand on August 28, 2009.

## II. Standard of Review

Federal courts are courts of limited jurisdiction. <u>Massarella v. The Lane Co., Inc.</u>, 298 F. Supp. 2d 430, 432 (N.D. Miss. 2003). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); <u>Addo v. Globe Life and Accident Ins. Co.</u>, 230 F.3d 759, 761 (5th Cir. 2000). However, "[a] civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." <u>Eastus v. Blue Bell Creameries, L.P.</u>, 97 F.3d 100, 106 (5th Cir. 1996); <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). "Courts resolve removal doubts in favor of remand." <u>Massarella</u>, 298 F. Supp. 2d at 432 (citing <u>Boston v. Titan Indem. Co.</u>, 34 F. Supp. 2d 419, 423 (N.D. Miss. 1999)).

## III. Discussion

Plaintiff argues that removal of this case is barred by 28 U.S.C. § 1445(c), which provides, "A civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The trucking company Defendants and Old Republic have conceded that this injury was an occupational accident, covered under the terms of the Old Republic Occupational Accident policy described above.

2

However, Defendants argue that this case does not "arise under" the workers' compensation laws of Mississippi.

Mississippi's workers' compensation statute sets forth that the administrative remedies thereunder are the exclusive remedy available to an employee who is injured in the course of employment. MISS. CODE ANN. § 71-3-9. The Fifth Circuit Court of Appeals has observed:

> Section 1445(c) was passed to encourage the use of just such administrative procedures and to prevent the undue burden that is placed on the worker when an action is removed to federal court, where such procedures generally do not apply. That underlying policy does not appertain, though, when the cause of action at issue is independent of the administrative procedures applicable to a state workers' compensation claim.

Patin v. Allied Signal, Inc., 77 F.3d 782, 789 (5th Cir. 1996). "That a workers' compensation law is a premise of the tort does not mean that the tort 'arises under' the workers' compensation laws." Ehler v. St. Paul Fire & Marine Ins. Co., 66 F.3d 771, 773 (5th Cir. 1995) (citing Spearman v. Exxon Coal USA, Inc., 16 F.3d 722, 725 (7th Cir. 1994)). "[A] suit arises under the law that creates the cause of action." Id. at 772 (citing Jones v. Roadway Express, Inc., 931 F.2d 1086, 1092 (5th Cir. 1991)).

Mississippi courts allow employees to bring common law tort actions against an insurance carrier "for the commission of an intentional tort independent of the accident compensable under the worker's compensation scheme." Rogers v. Hartford Accident & Ind. Co., 133 F.3d 309, 312 (5th Cir. 1998) (citing S. Farm Bureau Cas. Ins. Co. v. Holland, 469 So. 2d 55, 58-59 (Miss. 1984)). More specifically, an insurance carrier's bad faith refusal to pay benefits does not arise "from the work-related injury but from an independent act that is not compensable under" Mississippi's workers' compensation procedures. Whitehead v. Zurich Am. Ins. Co., 348 F.3d 478, 481 (5th Cir. 2003) (citing S. Farm Bureau Cas. Ins. Co., 469 So. 2d at 58-59); see also Patin, 77 F.3d at 790;

3

Toney v. Ards, 278 F. Supp. 2d 786, 789 n. 2 (S.D. Miss. 2003); Powers v. The Travelers Ins. Co., 664 F. Supp. 252, 254 (S.D. Miss. 1987); McCain v. Northwestern Nat'l Ins. Co., 484 So. 2d 1001, 01-02 (Miss. 1986). The Mississippi Supreme Court has extended this reasoning to include bad faith refusals by employers. Luckett v. Miss. Wood, Inc., 481 So. 2d 288, 290 (Miss. 1985); see also Toney, 278 F. Supp. 2d at 793; Leathers v. Aetna Cas. & Surety Co., 500 So. 2d 451, 453 (Miss. 1986). Therefore, Plaintiff's claim of breach of contract in bad faith is a common law tort that arises independent of Mississippi's workers' compensation statute, and its removal is not barred by Section 1445(c).

The same reasoning articulated by the Mississippi courts with respect to cases involving bad faith refusal applies to Plaintiff's fraud/misrepresentation claim, in that fraud is an intentional tort that arises from the common law. S. Farm Bureau Cas. Ins. Co., 469 So. 2d at 58-59 (independent acts not compensable under the workers' compensation statute may be pursued as intentional torts); Hernandez v. Vickery Chevrolet-Oldsmobile Co., 652 So. 2d 179, 183 (Miss. 1995) (intent that hearer should act upon misrepresentation is element of common law fraud). Further, Plaintiff's Complaint indicates that the alleged misrepresentations occurred at the time Plaintiff's employment contract with the trucking company Defendants was struck. They occurred outside the period of employment and, therefore, could not have occurred while Plaintiff was fulfilling the duties of his employment - a requirement for compensation under Mississippi's workers' compensation statute. Jefferson v. T. L. James & Co., 420 F.2d 322, 324 (5th Cir. 1969) (citing Bivens v. Young Drilling Co., 169 So. 2d 446 (Miss. 1964)); see also Weathers v. Metro. Life Ins. Co., 14 So. 3d 688, 693 (Miss. 2009) (fraud claim accrues upon consummation of the fraud). Since fraud is a common law tort that was not created by the Mississippi's workers' compensation statute, and Plaintiff's

4

allegations concerning fraud do not appear to be compensable under Mississippi's workers' compensation scheme, the Court finds that Section 1445(c) does not bar the removal of Plaintiff's fraud/misrepresentation claim.

### IV. Conclusion

It is axiomatic that federal courts are courts of limited jurisdiction. Johnson v. United States, 460 F.3d 616, 621 n.6 (5th Cir. 2006). However, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction that has been given to them. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), (citing McClellan v. Carland, 217 U.S. 268, 282, 30 S. Ct. 501, 54 L. Ed. 762 (1910)). For the reasons stated above, the Plaintiff's Motion to Remand is denied.

A separate order consistent with this opinion shall issue on this the 28th day of October, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**